®JS 44 (Rev. 11/04)    **CIVIL COVER SHEET**    APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provide by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiatin the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFF  TALITHA PASS, on behalf of herself and all others similarly situated**

**DEFENDANT  NORTH SHORE AGENCY, INC. & NCO GROUP, INC.**

**(b)** County of Residence of First Listed Plaintiff _Philadelphia_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Cary L. Flitter, Esq. and Andrew M. Milz, Esq., Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
_15 U.S.C. § 1692_
Brief description of cause:  Fair Debt Collection Practices Act

**VII. REQUESTED IN COMPLAINT:**  ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes  ☐ No.

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  6/28/13    SIGNATURE OF ATTORNEY OF RECORD  _Cary L. Flitter_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U. S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U. S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                    Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TALITHA PASS, on behalf of herself and all others similarly situated | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | NO. |
| NORTH SHORE AGENCY, INC. & NCO GROUP, INC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)     Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.           (    )

(b)     Social Security – Cases requesting review of a decision of the Secretary of Health
          and Human Services denying plaintiff Social Security Benefits                          (    )

(c)     Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (    )

(d)     Asbestos – Cases involving claims for personal injury or property damage from
          exposure to asbestos.                                                                               (    )

(e)     Special Management – Cases that do not fall into tracks (a) through (d) that are
          commonly referred to as complex and that need special or intense management
          by the court. (See reverse side of this form for a detailed explanation of special
          management cases)                                                                              ( X )

(f)     Standard Management – Cases that do not fall into any one of the other tracks.     (    )

| | | |
|---|---|---|
| 06/28/13 | *Cary L. Flitter* (signature) | Cary L. Flitter |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| 610-822-0782 | 610-667-0552 | cflitter@consumerslaw.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

UNITED STATES DISTRICT COURT                                    APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 10754 Jeanes Street, 1st Floor, Philadelphia, PA 19116-3316

Address of Defendants: Two Huntington Quad, #3N, Melville, NY 11747

Place of Accident, Incident or Transaction: Philadelphia, PA 19116
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)     Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?                                Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) Fair Debt Collection Practices Act, 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**

*(Check appropriate Category)*

I, CARY L. FLITTER, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought

DATE: 6/28/13 _____  _____        35047
                              Attorney-at-Law                Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/28/13 _____  _____        35047
CIV.609 (4/03)                Attorney-at-Law                Attorney I.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TALITHA PASS, on behalf of herself and all others similarly situated, 10754 Jeanes Street, 1st Floor Philadelphia, PA 19116-3316<br><br>       Plaintiff,<br><br>  vs.<br><br>NORTH SHORE AGENCY, INC. Two Huntington Quad.,#3N Melville, NY 11747<br><br>and<br><br>NCO GROUP, INC. Two Huntington Quad.,#3N Melville, NY 11747<br><br>      Defendant. | CIVIL ACTION NO.<br><br>CLASS ACTION |

## **COMPLAINT**

## I. **INTRODUCTION**

1. This is a consumer class action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"). The FDCPA mandates in the first written communication a Validation Rights Notice as an important consumer disclosure and informal dispute mechanism. 15 U.S.C. §1692g.

2. Defendant debt collectors violated the FDCPA by placing the validation notice inconspicuously on the reverse side of its collection letter, without spacing or indenting, along with a cadre of other, inapplicable state notices, such that it is difficult for a consumer to notice. Defendants have violated the law's requirement that this important validation notice be prominent and conspicuous.

1

## II.   **JURISDICTION**

3.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

4.      *In personam* jurisdiction exists and venue is proper as Defendants do business in this district and have caused harm in this district.

## III.  **PARTIES**

5.      Plaintiff Talitha Pass ("Pass" or "Plaintiff") is a consumer who resides in Philadelphia, Pennsylvania at the address captioned above.

6.      Defendant North Shore Agency, Inc. ("North Shore") is an out of state corporation with an office for the regular transaction of business as captioned.

7.      North Shore regularly uses the mail and telephone to attempt to collect consumer debts alleged to be due another.

8.      North Shore is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

9.      Defendant NCO Group, Inc. ("NCO") is a Delaware corporation with a business address as captioned.    (North Shore and NCO are collectively referred to herein as "Defendants").

10.     NCO is North Shore's parent corporation.

11.     NCO is thoroughly enmeshed in the operations of North Shore's collection business, participated in the debt collection activities of North Shore, and is a "debt collector" under the FDCPA.

2

## IV.    STATEMENT OF CLAIM

12.    On June 30, 2012, North Shore sent Plaintiff an initial communication in connection with a small consumer debt allegedly due the Disney Movie Club.  (*See* correspondence from North Shore attached hereto as Exhibit "A", redacted per Fed. R. Civ. Pro. 5.2).

13.    Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice ("Notice").  The Notice provides information about the alleged debt and a consumer's rights as more specifically set forth in subsections (a)(1)-(5) as follows:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

14.    This Notice is an important statutory right which must be effectively conveyed to the consumer.

15.     The Notice must be sufficiently prominent to be readily noticed.  It cannot be overshadowed by its placement, nor by other language or notices in the letter.

16.     The Notice in the June 30, 2012 collection dun is on the reverse side of the letter in small print, mixed-in with various other federal and state law notices, some of which are in capital letters.

17.     The paragraphs on the reverse are not indented or spaced, making the copy difficult to read and the Notice inconspicuous.  Indeed there is other, non-applicable disclosures on the reverse in larger, capital letters.

18.     The front of the letter carries large and conspicuous warnings including "ACCOUNT STATUS:  CRITICAL!"

19.     The notation on the front to "See Reverse Side for Important Information" does not ameliorate the inconspicuous and unclear placement of the notice on the reverse, as this instruction itself is inconspicuous and dwarfed by larger and capitalized copy on the front of the notice.

20.     The Validation Rights Notice on the reverse side of Defendants' June 30, 2012 collection notice is not prominent and is overshadowed by other language in the letter, in violation of § 1692g's requirement.

**V.     CLASS ALLEGATIONS**

21.     Plaintiff brings this action on her own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

22.     Plaintiff proposes to define the class (the "Class") as follows:

    a.     All persons with addresses in Philadelphia, Pennsylvania;

    b.     who were sent an initial collection letter from North Shore Agency;

4

       c.      in which the statutory 1692g validation notice was printed on the reverse of the letter;

       d.      where the validation notice on the reverse side was substantially identical to Exhibit "A" to the Complaint in that the notice was in lowercase type, placed among paragraphs which were not indented or spaced, and placed along with other copy that was capitalized;

       e.      where the phrase "Notice:  See Reverse Side for Important Information" on the front side is in type or font smaller than other words on the front of the letter;

       f.      where the underlying debt was incurred primarily for personal, family or household use;

       g.      where the letter(s) bears a date from June 30, 2012 through the date of filing this Complaint.

23.     The Class is believed to be so numerous that joinder of all members is impractical.  This Complaint concerns mass-produced form collection letters.

24.     There are questions of law or fact common to the Class.  These include:

       a.      Whether Defendants' form letter violates the Fair Debt Collection Practices Act by failing to provide a clear and prominent Validation Notice as required by §1692g;

       b.      Whether the Validation Notice in Defendants' initial notice(s) is overshadowed by other notices and instructions in the letter, in violation of §1692g;

       c.      The statutory damages available for Defendants' uniform violation of the Act.

25.     Pass' claims are typical of the claims of the Class.  All are based on the same factual and legal theories.

26.     Pass will fairly and adequately protect the interests of the Class.  Plaintiff has no interests antagonistic to those of the Class.  Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

27.     The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The Class members are consumer debtors, who may be unable to locate or afford to hire lawyers.

28.     There are no individualized issues of reliance or causation of actual damages in this statutory damages class action.

29.     The Class may be certified under Fed.R.Civ.P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

a.     Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general.  15 U.S.C. §1692k.

b.     The essence of Defendants' collection efforts is the uniform failure to make the required disclosure of consumer validation rights.

c.     The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the Act is $1,000.00.

d.     This Philadelphia, Pennsylvania one-county class is likely to be easily manageable.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

30.     Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

31.     Defendants violated the FDCPA by sending a collection notice to Plaintiff and the members of the class which fails to effectively provide the Validation Rights Notice required by 15 U.S.C. § 1692g.

**WHEREFORE,** Plaintiff Talitha Pass prays that this Court certify the Class, and enter judgment for Plaintiff and the Class members:

a.     Awarding damages to Plaintiff and to the Class as provided for in 15 U.S.C. §1692k(a);

b.     Awarding Plaintiff and the Class their costs and reasonable attorney's fees; and

c.     Granting such other relief as may be deemed just and proper.

## VI.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

DATE: 6/28/13

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff and the Class

**FLITTER LORENZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 822-0782

7

# *EXHIBIT "A"*

# North Shore Agency
## A National Collection Agency
4000 East Fifth Avenue, Columbus, OH  43219
866-486-2424 EXT-24513
ID# 1218 0000 6847,TYPE-ND4

Date: JUNE 30, 2012
Membership #: ████████
RE: DISNEY MOVIE CLUB

TALITHA PASS
10754 JEANES ST FL 1
PHILADELPHIA PA  19116-3316

**Amount Due: $85.78**

# ACCOUNT STATUS: CRITICAL!

## TO RESOLVE THIS MATTER, YOUR RESPONSE IS REQUESTED.

### Your delinquent account detail:

**Account For:**
Talitha Pass
**Residing In:**
Philadelphia PA 19116-3316

**Amount Owed:**
$85.78
**Owed To:**
DISNEY MOVIE CLUB

### To resolve this matter, your response is requested:
Make your check or money order payable to North Shore Agency and mail it in the envelope provided, along with the tear-off coupon below.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice: See Reverse Side for Important Information.**

DETACH HERE

  

*PAY THIS AMOUNT: $85.78*

THE FOLLOWING CREDIT CARDS MAY BE USED AT OUR SECURE WEBSITE:

NORTH SHORE AGENCY-ND4
PO BOX 9205
OLD BETHPAGE NY 11804-9005

ACCOUNT #: ████████
**AMOUNT DUE: $85.78**

For your convenience, you may pay by check
or credit card at our secure website:
**WWW.NSAPAY.COM**
or by calling toll-free 1-866-907-4182 using
**Account #:** ████████

TALITHA PASS
10754 JEANES ST FL 1
PHILADELPHIA PA  19116-3316

JUNE 30, 2012

**IMPORTANT INFORMATION**

We are required under applicable law to notify consumers of the following:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector. Calls to or from this company may be monitored or recorded for quality assurance.

We are required under applicable law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under applicable law.

The State of California requires that we disclose the following for California Residents: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

The State of Colorado requires that we disclose the following for Colorado Residents: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca. Colorado office address and telephone number: 6041 S. Syracuse Way, Suite 210, Greenwood Village, CO 80111, 800-684-2383. (Beginning May 25, 2012, new contact information as follows: 355 Union Blvd, Suite 350, Lakewood, CO 80228, 800-684-2383.)

The State of Massachusetts requires that we disclose the following for Massachusetts Residents: NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

The State of Minnesota requires that we disclose the following for Minnesota Residents: This collection agency is licensed by the Minnesota Department of Commerce.

The City of New York requires that we disclose the following for New York City Residents: Contact Ryan Woods at North Shore Agency at 1-800-745-2935. This collection agency is licensed by the Department of Consumers Affairs of the City of New York; License # 1303528.

The State of North Carolina requires that we disclose the following for North Carolina Residents: This agency is licensed by the North Carolina Department of Insurance; License # 103177.

The State of Tennessee requires that we disclose the following for Tennessee Residents: This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance.

OFFICE HOURS: 9AM – 4:30PM Monday – Friday ET • Phone # (877)-238-1244)

To communicate with our office by mail, please send all correspondence to PO Box 17211, Wilmington, DE 19850 and include your account number and/or tear off coupon.

PAP-960-B-0

REV 4/12